## RHINER *v.* MOORE.

No. 17002. MARCH 14, 1950.

*M. H. Blackshear*, for plaintiff in error.

*R. I. Stephens*, contra.

HAWKINS, Justice. (After stating the foregoing facts.) By reference to the judgment of the trial court on the demurrer, it will be seen that the court sustained the demurrer to the petition "on all questions of equity and injunctive relief raised and presented thereby," and thus eliminated the original petition, which sought only injunctive relief. By that part of the order on the demurrer, that "all other grounds of same are sustained," ground 5 of the demurrer, which attacked the amendment to the petition upon the ground that it "set up a new and different cause of action," was sustained, and the amendment which sought a recovery of the land was eliminated, so that there was left no part of the petition, either as originally drawn or as amended, which could "stand and proceed as a suit for land"; and the trial court erred in so directing. Moreover, in view of the judgment sustaining ground 5 of the demurrer, the court erred in overruling

paragraph 16 of the demurrer, which was that "plaintiff seeks through his amendment to change his cause of action from a suit in equity to restrain a trespass into a statutory action for the recovery of land." Code, § 81-1303; *Jenkins* v. *Lane*, 154 *Ga.* 454 (1-d) (115 S. E. 126); *Steadham* v. *Cobb*, 186 *Ga.* 30, 37 (196 S. E. 730). Both the original petition and the amendment thereto having been thus stricken by the rulings on demurrer, the further proceedings in the case were nugatory.

*Judgment reversed. All the Justices concur.*